

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMID MUBARIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2192-M |
| | § | |
| RESTLAND FUNERAL HOME, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss and Compel Arbitration, filed May 9, 2006. Plaintiff did not respond to the Motion. The Court **GRANTS** the Motion.

### BACKGROUND

Plaintiff Hamid Mubarik ("Plaintiff") was a funeral director and night embalmer for Restland Funeral Home ("Restland" or "Defendant") until his employment was terminated on September 29, 2004. Restland presents undisputed evidence that on December 19, 2002, Plaintiff, as a Restland employee, voluntarily signed Restland's arbitration agreement, known as Mutual Agreement Process ("MAP"), in which he consented to have any grievances or claims arising out of his employment resolved by mediation and/or arbitration, conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association. *See* MAP, as Exhibit 2, attached to Defendant's Motion.

Plaintiff brings claims against Restland alleging discrimination based on his race and

religion. Specifically, Plaintiff alleges that he was denied a raise on a continuing basis from approximately June 29, 2004 through September 29, 2004 and he was terminated because of his race and religion. Restland filed its Motion to Dismiss and Compel Arbitration on May 9, 2006.

## STANDARD OF REVIEW

In evaluating a motion to compel arbitration under the Federal Arbitration Act, the Court must first determine whether the parties entered into a valid arbitration agreement. *See Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The Court is to interpret arbitration agreements based on "ordinary state law principles that govern the formation of contracts." *Id.,* at 1073 (*citing First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the Court finds that a valid arbitration agreement exists, it must next consider whether the dispute in question is within the scope of the arbitration agreement, including considering any external legal constraints that preclude arbitration of the dispute in question. *See id.,* at 1073; *see also Gray v. Sage Telecom, Inc.*, 410 F.Supp.2d 507, 509-10 (N.D. Tex., Jan. 19, 2006) (Fish, J.) (citing *OPE International LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001)).

## ANALYSIS

First, there is no dispute that the arbitration agreement here is valid and binding. Under Texas law, a valid contract exists when the following is present: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery

of the contract with the intent that it be mutual and binding. *See Prime Products, Inc. v. S.S.I. Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex. App.–Houston [1st Dist.] 2002, pet. denied). By signing the Mutual Agreement Process, Plaintiff voluntarily agreed to be bound by the terms and conditions set forth in the MAP. Plaintiff voluntarily agreed to submit any legal disputes arising from his employment to mediation or arbitration and to give up his right to a jury trial on issues covered by the MAP. *See* MAP, as Exhibit 2, attached to Defendant's Motion. Plaintiff does not dispute the validity of the arbitration agreement. The Court holds that the parties entered into a valid arbitration agreement.

Second, the dispute in question is within the scope of the arbitration agreement because it is an "employment-related dispute." *See* MAP Employee Booklet, as Exhibit 1, p. 2, attached to Defendant's Motion. Plaintiff's allegations that he was denied raises and terminated because of his race and religion specifically arise out of his employment and therefore, fall within the scope of the MAP. Furthermore, no external legal constraints exist that preclude arbitration of this dispute. In fact, the Joint Report, filed May 23, 2006, which was signed by Plaintiff, provides that he specifically agrees to submit his claims to mediation and/or arbitration. *See* Joint Report, § 14.

## CONCLUSION

For the reasons stated above, the Court is of the opinion that Defendant's Motion should be **GRANTED**. Accordingly, Plaintiff and Defendant are directed to arbitrate their claims pursuant to the MAP, and Plaintiff's case is therefore **DISMISSED**.

SO ORDERED.

July 7, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS